IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

THOMAS E. CAMPBELL                                              PLAINTIFF

v.                                                  No. 1:15CV35-GHD-DAS

ANGELA BROWN, ET AL.                                            DEFENDANTS

ORDER DENYING PLAINTIFF'S MOTION [76]
FOR AN EARLIER TRIAL DATE

This matter comes before the court on the motion [76] by the plaintiff for the court to reset his trial for an earlier date. The plaintiff argues that he has several medical problems and is not receiving sufficient care for them: (1) doctors decline to set him an appointment for neck surgery; (2) receiving only Tylenol and Neurontin for pain; (3) swelling in his feet and ankles; (4) refusal to replace his broken cane; (5) refusal to send him to a specialist to treat foot and ankle problems.

As can be found in medical records and the plaintiff's allegations in his complaint, amended complaints, motions, and responses – as well as the medical records the medical defendant provided in support of her motion for summary judgment – the plaintiff is receiving treatment for these conditions. He was recommended for neck surgery at one time, but he declined the surgery at that point, and medical doctors and staff decided later to treat the condition with medication and physical therapy. Medical Records[1] ("MR") at 1114. Mr. Campbell does not agree with medical staff's choice of pain medications (Tylenol and Neurontin) because he finds them ineffective. Further, despite his contention that medical staff have left his condition of swollen feet and ankles untreated, staff members have examined and tested him multiple times, then provided him with compression socks. *Id.* at 1021-1022. Similarly, it is up to medical staff and security personnel to determine whether Mr.

---

[1] The plaintiff's medical records are attached as Exhibit "A" to Nurse Brown's pending motion for summary judgment.

Campbell receives a cane – or needs referral to a medical specialist. Mr. Campbell's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). For these reasons, the plaintiff's motion [76] to reset the trial of this case to an earlier date is **DENIED**.

**SO ORDERED**, this, the 13th day of March, 2017.

SENIOR JUDGE